UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| In re: MICHAEL SCOTT CHANDLER | : Case No.  2:17-c-02164-NIQA |
| | : |
| | : Assigned to: Honorable Nitza I Quinones |
| MICHAEL SCOTT CHANDLER, | : Alejandro |
| Appellant | : |
| | : CIVIL ACTION-APPEAL |
| V. | : |
| | : 422 Bankruptcy: Appeal (801) |
| KEITH S. KIMMEL, | : |
| Appellee | : |

# BRIEF FOR APPELLANT

Mark Blank, Jr., Esquire
Attorney for Appellant
50 Darby Road
Paoli, PA 19301
PA ID No.22619
Tel: (610) 647-1919

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| Table of Cases, Statutes and Authorities | Pg. | i |
| Jurisdictional Statement | Pg. | 2 |
| Statement of The Issues Presented And Applicable Standard of Appellate Review | Pg. | 3 |
| Statement of The Case | Pg. | 3 |
| Relevant Procedural History | Pg. | 4 |
| Summary of Argument | Pg. | 5 |
| Argument | Pg. | 5 |
|     I.    The Bankruptcy Court abused its discretion in ordering a Judgment of Nondischargability in favor of Appellee and against Appellant without a trial. | Pg. | 5 |
|     II.    The Bankruptcy Court abused its discretion and committed a clear error of law in its application of Poulis. | Pg. | 8 |
| Conclusion | Pg. | 12 |

# TABLE OF CASES, STATUTES AND AUTHORITIES

**I.   CASES**                                                                                                          **Page**

Adams v. Trustees fo New Jersey Brewery Employees Pension Trust Fund,          Pg. 9
29 F.3d 863 (3rd Cir. 1994)

Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388 (9th Cir. 1998)        Pg. 12

Brock v. Unique Racquetball and Health Clubs, 786 F.2d 61 (2nd Cir. 1996)       Pg. 7

Commerciales, S.A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2L.Ed. 1255 (1958)    Pg. 6

Danning v. Lavin, 527 F.2d 1386 (9th Cir. 1978)                                 Pg. 12

Donnelly v. Johns-Manville Sales Corporation, 677 F.2d 339 (1982)               Pg. 6

Emasco Insurance Co. v. Sambrick, 834 F.2d 71, 75 (3rd Cir., 1987)              Pg. 12

Feliciano v. Reliant Tooling Co., 691F.2d 653, 656-657 (3rd Cir. 1982)          Pg. 12

Harris v. Cuyler, 664 F.2d 388 (3rd Cir. 1981)                                  Pg. 6, 7

Hoffman v. Palace Entertainment, 621 Fed. Appx. 112 (3rd Cir. 2015)             Pg. 9, 11

Hritz v. Woma, 732 F.2d 1178 (3rd Cir. 1984)                                    Pg. 3, 6, 12

Hoxworth v. Binder, Robinson and Co., Inc., 980 F. 2d 912 (3rd. Cir. 1992)      Pg. 7, 9

In Re: Engunder, 95 F.3d 1028 (11th Cir. 1996)                                  Pg. 3

In Re: Motors Liquidation Company, 529 B.R. 510 (BKY S.D.N.Y.)                  Pg. 8

In Re: Jones Truck Lines, 63 F.3d 685 (8th Cir. 1995)                           Pg. 3

Jackson Hewitt, Inc. v. Barnes Enterprises, Inc., 535 Fed. Appx. 108            Pg. 9

Jordan v. National Guard Bureau, 877 F.2d 245 (3rd Cir. 1984)                   Pg. 3, 5

National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct.   Pg. 8
2778 49 L.Ed. 2d 747 (1976)

Poulis v. State Farm Casualty Company, 474 F.2d. 863 (3rd Cir. 1984)            Pg. 4, 8, 9

Scarborough v. Eubanks, 747 F.2d 871 (3rd Cir. 1985)                            Pg. 3,5

Shearson Loeb Rhoades, Inc. v. Quinard, 751 F.2d 1102 (9th Cir. 1985) — Pg. 11

United States v. Harre, 983 F.2d 128 (8th Cir. 1993) — Pg. 5,6, 10

Wareham v. Pennsylvania Department of Corrections, 2014 Westlaw 536147 (W.D.Pa. 2014) — Pg. 7,9

Williams-Lester v. Vision Financial Corp., 2017 Westlaw 457184 (Ed.Pa.) — Pg. 9

**II.   STATUTES**

28 U.S.C. §1334(b) — Pg. 2

28 U.S.C. §157 — Pg. 2

11 U.S.C. §105(a) — Pg. 2

11 U.S.C. §523 (a)(2)(A) — Pg. 2

11 U.S.C. §523(a)(2)(B) — Pg. 2

Bankruptcy Rule 9030 — Pg. 2

**III.   AUTHORITIES**

Procedural Due Process Requirements in Bankruptcy Cases. 8 St. John's Bankruptcy Research Library No. 4. (2016) — Pg. 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| In re: MICHAEL SCOTT CHANDLER | : Case No. 2:17-c-02164-NIQA |
| | : |
| | : Assigned to: Honorable Nitza I Quinones |
| MICHAEL SCOTT CHANDLER, | : Alejandro |
| Appellant | : |
| | : CIVIL ACTION-APPEAL |
| V. | : |
| | : 422 Bankruptcy: Appeal (801) |
| KEITH S. KIMMEL, | : |
| Appellee | : |

**JURISDICTIONAL STATEMENT**

(A).  Bankruptcy Court Jurisdiction.

Bankruptcy Courts have subject matter jurisdiction to hear all civil proceedings arising under, or related to, Title 11 of the United States Code. 28 U.S.C. §1334(b); 28 U.S.C. §157; Bankruptcy Rule 9030. A Bankruptcy Court also has authority to issue any order, process or judgment that is necessary or appropriate to carry out a prior order. 11 U.S.C.§105(a).

(B).  Basis for the District Court's Jurisdiction.

The District Courts of the United States have jurisdiction to hear appeals from judgments, orders and decrees of Bankruptcy Judges entered in cases and proceedings referred to the Bankruptcy Judges pursuant to 28 U.S.C. §157.

( C).  The filing dates establishing the timeliness of the appeal.

The Notice of Appeal to the District Court was filed on May 8, 2017, thirteen days after the Final Order of the Bankruptcy Court was entered on April 25, 2017.

(D). The Appeal is from a Final Order.

The appeal is from a Final Order, to wit, entered by the Bankruptcy Court on April 25, 2017.

## STATEMENT OF THE ISSUES PRESENTED AND APPLICABLE STANDARD OF APPELLATE REVIEW

1. Did the Bankruptcy Court abuse its discretion in denying the request for a continuance and entering a default judgment that the debt owing to Plaintiff in the amount of $126,433.00 be excepted from discharge in Debtor's Chapter 7 proceeding without a trial?

2. Did the Bankruptcy Court commit an error of law in denying Debtor's Motion For Reconsideration.

In reviewing the Bankruptcy Court judgment as the appellate court, the District Court reviews the Bankruptcy Court's legal conclusions de novo. In re: Engunder, 95 F.3d 1028, 1038 (11th Cir. 1996). The findings will be reviewed for clear error de novo. In re: Jones Truck Lines, 63 F.3d 685, 686 (8th Cir. 1995). Decisions as to whether a default judgment is proper is reviewed under an abuse of discretion standard. Jordan v. National Guard Bureau, 877 F.2d 245, 250-251 (3rd Cir. 1989); Scarborough v. Eubanks, 747 F.2d 871, 875 (3rd Cir. 1984); Hritz v. Woma, 732 F.2d 1178, 1180-1181 (3rd Cir. 1984).

## STATEMENT OF THE CASE

Plaintiff, Keith S. Kimmel (Appellee herein), filed an Adversary Action against Debtor (Defendant, Appellant herein), Michael Scott Chandler, requesting the Bankruptcy Court to find that Kimmel's debt was excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A) and §523(a)(2)(B). On the day of the trial, Appellant's counsel requested a continuance on the ground that Appellant had informed him that he was too ill to attend trial. The Court granted the continuance contingent upon Appellant presenting medical documentation as to his illness. This, Appellant, through counsel, did. The trial was rescheduled for January 11, 2017.

-3-

On January 9, 2017, the Bankruptcy Court entered an Order which contained a default judgment in favor of Appellee and against Appellant for $126,435.00.

Appellant filed a Motion For Reconsideration. At the hearing on the Motion for Reconsideration, the Bankruptcy Judge cited Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3rd Cir. 1984) and said that she would reconsider in light of Poulis. She said that she needed medical documentation as to debtor's illnesses which would have impaired his ability to attend depositions and the trial. Subsequently, counsel provided a letter from a physician as well as medical records, outlining his medical conditions.

On April 25, 2017, the Court held a final hearing in which it reaffirmed the previous Order and denied the Motion for Consideration. (See: Transcript of hearings December 6, 2016; February 15, 2017; and April 25, 2016).

The actions of the Court below constitute an abuse of discretion and an error of law.

## RELEVANT PROCEDURAL HISTORY

Appellant filed for Bankruptcy on November 25, 2014 pursuant to Chapter 7 of Title 11 of the United States Code. The 341 meeting of creditors was held and finally concluded on February 26, 2016. An Order discharging Appellant was ultimately entered on January 10, 2017. On September 3, 2015, Appellee filed an Adversary Complaint and, on September 16, 2016, Appellee filed an Amended Complaint. The Amended Complaint requested that Appellee's claim be excepted from Discharge pursuant to §§ 523(a)(1)(A) and 523 (a)(2)(B) of the Bankruptcy Code. Appellant filed an answer, in essence, with general and specific denials.

After discovery was completed, on March 20, 2016, Appellee filed a Motion for Summary Judgment. On April 7, 2016, Appellant filed an Answer and a Cross-Motion for Summary Judgment and, on April 14, 2016, Appellee filed his response. On April 17, 2016,

the Bankruptcy Court denied Appellee's Motion for Summary Judgment and granted in part, denied in part, Appellant's Cross Motion.

On October 18, 2016, the parties filed a Joint Pretrial Statement and subsequently an Amended Joint Pretrial Statement. On the day of the trial, December 6, 2016, Appellant's counsel requested a continuance. The trial was rescheduled for January 11, 2016. On January 9, 2017, the Bankruptcy Court entered an Order holding judgment for Appellee in the amount of $126,435.00 be excepted from discharge. Appellant filed a Motion for Reconsideration. A hearing on the motion was held on February 15, 2017 and, on April 25, 2017, the Court denied the motion and entered an order accordingly.

This appeal followed.

## SUMMARY OF ARGUMENT

The Bankruptcy Court abused its discretion in entering a judgment of nondischargability, without a trial, in the amount of $126,435.00. The Bankruptcy Court also erred as a matter of law in denying Appellant's Motion for Reconsideration. Entering a default judgment was uncalled for, and the Court erred in its application of the criteria set forth in Poulis.

## ARGUMENT

I.  THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN ORDERING A JUDGMENT OF NONDISCHARGABILITY IN FAVOR OF APPELLEE AND AGAINST APPELLANT WITHOUT A TRIAL.

On Appeal, the Court's review is whether the Bankruptcy Court abused its discretion in entering the default judgment. United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). Thus, the decision as to if a default judgment, as in this case, is proper, is reviewed pursuant to an abuse of discretion standard. Jordan v. National Guard Bureau, 877 F.2d 245, 250-251 (3rd 1989); Scarborough v. Eubanks, 747 F.2d, 871, 875 (3rd Cir. 1984).

The Court of Appeals for the Third Circuit has, for all intents and purposes, created a presumption:

"...[W]e have repeatedly stated our preference that cases be disposed of on the merits wherever practicable." Horitz v. Woma, 732 F.2d 1178, 1180-1181(3rd Cir. 1984).

Moreover, the Court has indicated its disinclination to deprive a party of the right to have his or her claims (or defenses) adjudicated on the merits. Donnelly v. Johns-Manville Sales Corporation, 677 F.2d 339 (1982). As the Court of Appeals has further observed, a party should not be denied the right to assert or defend against claims as a "mere punishment". Harris v. Cuyler, 664 F.2d 388, 390 (3rd Cir. 1981) (citing Commerciales, S.A. v. Rogers, 357 U.S. 197, 210, 78 S. Ct. 1087, 1094, 2 L.Ed. 2d 1255 (1958)). The courts have also found that to justify a judgment by default, the conduct of the party and/or counsel must constitute willful violations of the court's rules, contumacious conduct, undue and intentional delay. United States v. Harre, supra, 130.

In the case at bar, Appellant requested a continuance on the day of the trial. The Court then granted the continuance only upon the Appellant's presentation of a note from a medical professional indicating that he could not appear at trial. Appellant presented the medical documents as best that he could. Two days before the scheduled trial (January 9, 2017) the Court entered the Order of Default.

The Bankruptcy Court Judge's behavior here was akin to a schoolteacher. The student was absent and missed the test. The student wants to make the test up; the teacher says "you have to provide a doctor's note." The teacher does not approve of the doctor's note. Thus, the student cannot make up the test and, instead, he fails it and then the teacher fails the student for the whole course.

It is conceded that a default can be entered as a sanction. "A trial judge, responsible for the expeditious conduct of litigation, must have broad latitude to impose the sanction of

-6-

default for non-attendance." Brock v. Unique Raquetball and Health Clubs, 786 F.2d 61,64 (2d Cir 1996), cited in Hoxworth v. Blinder, Robinson and Co, Inc., 980 F.2d 912 (3rd Cir. 1992). But this does not mean that a trial Court has the unfettered power to enter a default judgment simply because a person did not appear at trial. This case is a far cry from Wareham v. Pennsylvania Department of Corrections, 2014 Westlaw 536147 (W.D.Pa. 2014) (Cited by the Bankruptcy Court, Transcript April 25, 2016 hearing, page 7.) where plaintiff represented himself pro se, called the Court on the morning of the trial and said that he would not be able to attend because he was a convicted sex offender and was not permitted to travel without prior authorization from his home in Florida. (He could have received authorization well in advance of his notice of the trial.) This case is also distinguishable from those where there has been a failure to answer discovery requests. Yes, Appellant missed a deposition for medical reasons and twice depositions were interrupted by Appellant's claimed maladies. Counsel for Appellee obtained an Order to Appear at a Deposition or to suffer sanctions. Nevertheless, all depositions were completed and thereafter formed a material basis for Appellee's Motion for Summary Judgment. This is litigation. Depositions get postponed all of the time as do trials. Should this have been grounds for a default judgment? In this case the entry of the default was nothing but a prohibited punishment. Harris v. Cuyler, supra.

It is ironic here that, not only did the Court enter a judgment by default, it chose an arbitrary number for damages. If this were a personal injury matter, a default judgment for failure to answer a complaint must be followed by a hearing to determine the damages.

In the case at bar, the Court arrived at a figure of $126,435.00. The Amended Complaint referenced $164,895.00. So how the Court arrived at $126,435.00, we do not know, because there was no trial.

Debtors are entitled to Procedural Due Process of Law in Bankruptcy Cases. Procedural Due Process Requirements In Bankruptcy Cases, 8 ST. JOHN's BANKRUPTCY LIBRARY No. 4 (2016). In re: Motor's Liquidation Company, 529 B.R. 510 (BKY. S.D.N.Y. 2016). In the instant case, there has not been any showing of flagrant bad faith by Appellant or callous disregard by counsel. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L.Ed. 2d 747 (1976). In the case at bar, the trial judge, in entering a judgment for nondischargability for $126,435.00 has denied a debtor the right to due process of law and has abused her discretion.

## II. THE BANKRUPTCY COURT ABUSED ITS DISCRETION AND COMMITTED A CLEAR ERROR OF LAW IN ITS APPLICATION OF POULIS[1]

After the Court below entered the entry of a default judgment, Appellant filed a Motion For Reconsideration. (See Record, Motion For Reconsideration). In the hearing on the Motion For Reconsideration, the Court reconsidered and said she would construct its recommendations in light of the six "factors" outlined in Poulis[2].

Specifically, this is what the Court stated:

"So how I would like to proceed is as follows. I want this debtor to provide the Court with a letter from his personal physician that outlines any and all chronic or other medical conditions that he has that would excuse his appearance at the depositions as he failed to show up and that might otherwise interfere with his ability to appear in Court at any given point in time. That is, he has claimed to have heart issues. If it's the heart issues that were the genesis for his not appearing at the depositions, I'm expecting the physician's statement to explain the nature of the heart condition and why it might, in fact, make him unable to appear at a scheduled Court matter, whether it's a deposition or Court. If that is, in fact, provided, then I will reconsider my Order and we will proceed to trial. If that is not satisfactory, if that does not demonstrate that he has medical conditions, then I believe I will be able to make all of the findings I need to make in order to determine that the default is appropriate in this case." (Transcript, hearing February 15, 2017, 3-4).

---

[1] Poulis v. State Farm Casualty Company, 747 F.2d 863 3rd Cir (1984).

[2] Id., Transcript of hearing, February 15, 2017, page 2.

In accordance with the Court's directive, Appellant, through counsel, provided medical records as well as a statement from Appellant's physician. Nevertheless, at the hearing on April 25, 2017, the Judge stated:

"...I have been provided with volumes of medical records. I'm not a doctor. Bankruptcy Court is not a medical facility. We can't make a judgment based on receiving medical records". (Transcript, April 25, 2017 hearing, 9)

What is ironic is that the Court previously made a judgment based on medical records and subsequently entered a default judgment. Why could she not regard the records set forth? Well, the Court did the first time, to conclude that this was not a proper medical excuse. No, she is not a doctor and Bankruptcy Court is not a medical facility. So why the medical records? (It should also be noted that there was a note from a physician).

Before turning to the Poulis criteria, let us review the facts. Appellant missed the first scheduled deposition. The next two scheduled depositions were interrupted because of claimed illness. The deposition was finally completed, as were depositions of the other witnesses. On the day of the trial, Appellant, through counsel, requested a continuance and the Court wanted a doctor's report. Giving the Court the benefit of the doubt, is this the kind of conduct that would justify a default judgment? This case does not even come close to the cases that the Judge cited at the hearing on 25 April,[3] or any other cases, for that matter.

Now, let us examine the Poulis criteria.

(1). The extent of the party's personal responsibility.

---

[3] Hoxworth v. Blinder, Robinson and Co., 980 F.2d 912 (3rd Cir. 1992); Jackson Hewitt, Inc. v. Barnes Enterprises, Inc., 535 Fed. Appx.108; Williams-Lester v. Vision Financial Corp., 2017 Westlaw 457184 (E.D. Pa. 2017); Adams v. Trustees of New Jersey Brewery Employees Pension Trust Fund, 29 F.3d 863 (3rd Cir. 1994); Hoffman v. Palace Entertainment, 621 Fed. Appx. 112 (3rd Cir. 2015); Wareham v. Pennsylvania Department of Corrections, 2014 Westlaw 5361547(W.D.Pa. 2014).

-9-

Requiring medical documentation in the first instance was uncalled for. Then, refusing to consider the records that the Judge ordered Appellant to produce, is a complete paradox. To whatever extent it is relevant, it is clear that Appellant has had a history of medical problems that could have interfered with his ability to be the perfect party in the litigation setting.

(2).    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

It is conceded that there has been delay, but has there been <u>prejudice</u>? The depositions and other discovery were completed. The trial got continued. Both of Appellant's counsel were present at the trial and ready to proceed. I ask, what prejudice? Inconvenience, yes. Litigation is litigation; this entire case has just been typical litigation and any delay has not caused harm to Appellee's case. The extra money expended by Appellee that may be attributed to these delays is minuscule compared with the amount of money that he has likely spent on the entire case. Who knows what fee arrangement Appellee had with his counsel. For all we know, he took the case on a contingency fee (admittedly not likely) or for a flat fee.

(3).    A History of Dilatoriness.

In the litigation setting, depositions get continued all of the time; and so do trials. What if there is a request for a continuance because there has been a sudden family emergency or death? Should the Court require a death certificate or a report from EMS or the emergency room? Appellant's actions or inactions in this case may not be exemplary, but dilatory, they are not.

(4).    Whether the conduct of the party or the attorney was in bad faith.

There is not one iota of evidence in this case of bad faith, "willful violation of the Court's rules or Orders, contumacious conduct, or intentional delay." <u>United States v. Harre</u>,

supra, 130; Shearson Loeb Rhoades, Inc. v. Quinard, 751 F.2d 1102, 1103 (9th Cir. 1985.) The Court attributed bad faith and intentional delay on the part of Appellant simply because of the lack of medical documentation which did not satisfy the trial judge. This was erroneous.

(5). The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

In the instant case, the Bankruptcy Court failed. All that the Bankruptcy Court did was to quote Hoffman v. Palace Entertainment, 621 Fed. Appx. 112 (2015): "When a party can't afford to pay such sanction, such penalties are not likely to have real impact." (Transcript, hearing, April 25, 2017, Page 7).

This mere statement is not "an analysis of alternative sanctions". Moreover, how did the trial court know that the debtor would not be able to afford to pay a penalty? Perhaps he got a fresh start, the latter of which is a major goal of bankruptcy. Maybe he came into some money post-petition.[4] Perhaps the debtor found work. Maybe he won a lottery or inherited some money.

(6). Meritoriousness of the claim or defense.

The Court stated "with regard to the meritoriousness of the claim, I think that's probably a wash." (Transcript, hearing, April 25, 2017, Page 11). I am not sure what this means. But there is much material to make a determination as to whether there is a meritorious defense: the Amended Complaint; the Answer thereto; the Motion for Summary Judgment and the Cross-Motion for Summary Judgment, and the briefs appended to the record. Moreover, a default judgment may not be entered on a complaint that fails to adequately state a claim for

---

[4] The bankruptcy was filed on November 25, 2014. The hearing was April 25, 2017, almost two and a half years later. The court improperly concluded that Defendant was still penniless.

-11-

relief and, on appeal, a defaulted Defendant may always challenge the sufficiency of the Complaint's allegations. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1998). Although he may not challenge the sufficiency of the evidence, the defaulted party is entitled to contest the sufficiency of the Complaint and its allegations to support the judgment. Danning v. Lavin, 527 F.2d 1386, 1388 (9th Cir. 1978).

Should this Court carefully scrutinize the Amended Complaint and the law as set forth in Appellant's Cross-Motion for Summary Judgment and the briefs annexed thereto, it will observe that the complaint is insufficient to state a claim for the relief requested and that the defense is meritorious.

The Defendant's conduct at most merely delayed Appellee's realizing satisfaction of his claim. Feliciano v. Reliant Tooling Co., 691F.2d 653, 656-657 (3rd Cir. 1982). There is no doubt that the Appellant has evidence which, if accepted, will constitute a complete defense to the case. Hritz v. Woma., supra,118. Finally, there is nothing in the record indicating that the Defendant's conduct rose to the level of "flagrant bad faith" or "contumacious behavior". Emasco Insurance Co. v. Sambrick, 834 F.2d 71, 75 (3rd Cir., 1987); Scarborough, supra, 875.

## CONCLUSION

For all of the foregoing reasons, the judgment of the Bankruptcy Court should be reversed and the trial judge instructed to schedule the case for trial.

*[signature]*

Mark Blank, Jr. Esquire
Counsel for Appellant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| In re: MICHAEL SCOTT CHANDLER | : Case No.  2:17-c-02164-NIQA |
| | : |
| | : Assigned to: Honorable Nitza I Quinones |
| MICHAEL SCOTT CHANDLER, | : Alejandro |
| Appellant | : |
| | : CIVIL ACTION-APPEAL |
| V. | : |
| | : 422 Bankruptcy: Appeal (801) |
| KEITH S. KIMMEL, | : |
| Appellee | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date of the filing of the foregoing Brief For Appellant, I did serve a true and correct copy by United States Regular Mail, first class, postage pre-paid, on the following:

Richard N. Lipow, Esquire
Lipow Law Office
Swedesford Corporate Center
629 Swedesford Road
Malvern, PA 19355

DATE: 6/27/17

Mark Blank, Jr., Esquire